KITTY SUDEROV et al., Appellants, *v.* ÆTNA INSURANCE COMPANY, Respondent.

First Department, May 10, 1962.

*Harry M. Neiman* for appellants.

*John L. Conners* of counsel (*John M. Aherne* with him on the brief; *Bigham, Englar, Jones & Houston,* attorneys), for respondent.

STEVENS, J. Plaintiffs appeal by permission of the Appellate Term from a determination of that court affirming, by a divided court, a judgment of the Municipal Court on a directed verdict for plaintiffs in the sum of $374.03 plus interest.

The question is whether a pendant constitutes " additionally acquired property " within the provisions of an insurance policy.

The section here involved follows:

" Additionally Acquired Property

" The following clause is applicable only to jewelry, watches, furs, cameras and musical instruments when such property is insured hereunder.

" In consideration of the agreement by the Insured to report additional property of the kind insured hereunder, acquired by the Insured subsequent to the attachment date of this policy, within thirty (30) days from the date acquired and to pay full premium thereon from the date acquired at pro rata of the current rates of the Company for such insurance, this policy covers on each separate class of such additionally acquired property for not exceeding 25%, or $10,000, whichever is the lesser, of the amount of insurance on such class exclusive of this provision. It is specifically understood and agreed by the Insured that this policy shall cease to cover such additionally acquired property if it is not reported to the Company within the stated thirty (30) day period.

" This additional coverage does not apply to property of a class not already insured hereunder."

Plaintiffs were possessed of a loose diamond, kept in a vault, which was not covered under the policy, though many items of jewelry were so covered.

On or about February 16, 1959, one of the plaintiffs removed the diamond from their vault, took it to a jeweler and had it made into a pendant. No notice of the removal was given the defendant at the time, though there was testimony that a binder could have been obtained covering the removal for such purpose. On or about February 19 or 20, 1959, plaintiffs received the pendant and left the same day for Florida. Upon reaching Florida, plaintiff wife placed the pendant, along with other items of jewelry, in the vault of the hotel where plaintiffs registered. Some days later the vault was burglarized and plaintiffs' jewelry taken. The loss on the other items was paid. Plaintiffs sought to recover the full value of the pendant, including the diamond, and defendant resisted the claim as to the value of the diamond.

The trial court directed a verdict for $374.03, plus interest, thus excluding the diamond which had been appraised at $3,168. The $374.03 consisted of $100 coverage under a personal effects policy and $274.03 coverage under the personal articles floater policy which contained the provision here involved.

Plaintiffs contend that the entire pendant constituted additionally acquired property.

The bill of the jeweler, dated February 19, 1959, recites items sold to plaintiff, including a tapered baguette, platinum mounting and chain in the total amount of $274.03.

A letter from plaintiffs' attorney to defendant, dated March 13, 1959 (subsequent to the loss) requested coverage indorsement for " 1 Pear Shape Diamond . . . Value—$3168.00."

The bill and letter above referred to indicate that plaintiffs considered and treated the diamond as a separate item and not as part of an inseparable whole.

It is correct that the testimony indicated that this loose diamond would not have been given coverage because of the possibility of easy loss. But there was also uncontradicted testimony that a stone or gem purchased subsequent to the effective date of the policy would have automatic 30-day coverage and that the company, if requested, would have been bound to accord coverage thereafter. There was additional testimony that a binder could have been obtained for coverage upon removal of this stone from the vault for the purpose of having the stone mounted.

Since the diamond was already in the possession of the plaintiffs, it can hardly be considered " additionally acquired property " unless the view be adopted that by reason of the mounting the entire basic nature of the article was changed. A setting for a stone does not create but merely enhances value.

The determination appealed from should be affirmed, with costs.

RABIN, J. P. and EAGER, J. (dissenting). We dissent. We would reverse the judgment and direct a new trial. The question here is whether or not the provisions of the defendant's " Personal Articles Floater " policy covered the plaintiffs' pendant as " additionally acquired property " within the meaning of the provisions of the policy. Clearly, at the time of the issuance of the policy, the loose diamond would not have been included as an item of jewelry covered by the policy. In our opinion, as pointed out by Mr. Justice HOFSTADTER in his dissenting opinion in the Appellate Term, the pendant became " acquired " by means of the preparation of the same and the setting of the diamond therein, and it thereby became as a whole an item of jewelry covered by the " Additionally Acquired Property " clause. It was then " additional property of the kind insured " by the policy. In the final analysis, the question is one of construction and if there be an ambiguity in the policy in this connection the policy should be construed most strongly against the insurer.

McNALLY and STEUER, JJ., concur with STEVENS, J.; RABIN, J. P., and EAGER, J., dissent in a memorandum.

Determination of the Appellate Term affirmed, with costs to the respondent.